# Exhibit 1

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

ANDREW JAMES KOSTER,

                Plaintiff,          Case No. 23-0202cz

vs.                                     Hon. Curtis J. Bell

KALAMAZOO COUNTY, KALAMAZOO COUNTY SHERIFF DEPUTY DAVID SCHOLTEN (4962), KALAMAZOO COUNTY SHERIFF DEPUTY JEFF NICHOLS (1200), KALAMAZOO COUNTY SHERIFF DEPUTY TANNER BOYSEN (6100), KALAMAZOO COUNTY SHERIFF DEPUTY COLLIN JUSZCZYK (6371), KALAMAZOO COUNTY SHERIFF DEPUTY AMBER HOLMES (0996), OFFICER LINDSEY DENHARDER (12565), and OFFICER CHRISTIAN SMITH (14542),

                Defendants.

_____/

PATRICIA L. WORRALL (P62984)
LEVI T. SMITH (P80484)
ANTHONY PAULOVICH & WORRALL PLLC
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com
_____/

*There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in this Complaint.*

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the above-named Plaintiff, ANDREW JAMES KOSTER, by and through his attorneys, ANTHONY PAULOVICH & WORRALL PLLC, and complaining against the above-named Defendants states as follows:

1

## PARTIES, JURISDICTION AND VENUE

1. That Plaintiff is a resident of the County of Wayne, State of Michigan.

2. That Kalamazoo County is a municipality within the State of Michigan.

3. That for all times pertinent hereto Defendants DEPUTY DAVID SCHOLTEN (4962), DEPUTY JEFF NICHOLS (1200), DEPUTY TANNER BOYSEN (6100), DEPUTY COLLIN JUSZCZYK (6371), DEPUTY AMBER HOLMES (0996), OFFICER LINDSEY DENHARDER (12565), and OFFICER CHRISTIAN SMITH (14542), were police officers of the KALAMAZOO COUNTY SHERIFF DEPARTMENT or a Municipal Corporation on or about April 12, 2021.

4. That the amount in controversy exceeds Twenty-Five ($25,000.00) Dollars exclusive of costs, interest and attorney fees.

## GENERAL ALLEGATIONS

5. That on or about April 12, 2021, Plaintiff, ANDREW JAMES KOSTER, was involved with a minor family issue outside of his family home in the City of Comstock, County of Kalamazoo, State of Michigan.

6. That as a result of the minor family issue between Plaintiff and Plaintiff's parents, the KALAMAZOO COUNTY SHERIFF DEPARTMENT was notified and responded to the scene.

7. That Plaintiff was surrounded by deputies with their weapons drawn and the deputies waited for the arrival of a k-9 unit which upon arrival the k-9 was released on Plaintiff and proceeded to mail, maim, and viciously attack Plaintiff, wherein he began bleeding profusely from his injuries.

8. That Plaintiff sustained personal injuries as a direct and proximate result of the wrongful acts of the Defendants as alleged herein.

2

9. That as a direct and proximate result of the wrongful acts of the Defendants as aforesaid, the Plaintiff:

   a. Sustained severe bodily injury, which was painful, disabling, and necessity of medical care, including head, neck, back, arm and finger injuries.

   b. In addition thereto, Plaintiff sustained shock and emotional damage;

   c. Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

   d. Was unable to attend to his usual affairs, render services as formerly;

   e. Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

   f. Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as herebefore alleged.

10. By reason of the wrongful acts of Defendants, Plaintiff has sustained and will continue to sustain medical, hospital and nursing expenses.

### COUNT I - GROSS NEGLIGENCE

11. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein.

12. That Defendants acts constitute gross negligence, willful and wanton misconduct, assault, battery, and or intentional infliction of emotional distress on Plaintiff, and as a direct and proximate cause of the acts of Defendants, Plaintiff suffered severe injuries, which resulted in pain and lingering suffering.

13. Plaintiff now seeks compensation for damages as recoverable under Michigan Law.

3

14. That as a direct and proximate result of the wrongful acts of Defendant as aforesaid, that Plaintiff:

    a. Sustained severe injuries;

    b. In addition, thereto said Plaintiff suffered shock and emotional damage;

    c. Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

    d. Was unable to attend to his usual affairs, render services as formerly;

    e. Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before;

    f. Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

. As a direct and proximate result of the actions of the Defendants in total and individually as alleged herein, Plaintiff, sustained personal injuries.

15. As a direct and proximate result of the acts of the Defendants, their agents, their servants, and/or their employees as aforesaid, the Plaintiff did incur expenses for hospitals, doctors, diagnostic tests, x-rays, machines, medical procedures, therapies, and other medical supplies and attention.

16. As a direct and proximate result of the acts alleged herein, Plaintiff became liable for various sums of money in and about securing medical supplies and attention for said injuries and Plaintiff and will be liable for any such bills.

17. Defendants intentionally and without provocation or justification did do the acts described, all excluded from Government Immunity.

18. Defendants intentionally and without provocation or justification did use excessive force on Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

## COUNT II
## ASSAULT AND BATTERY

19. Plaintiff incorporates each of the allegations contained herein.

21. That Defendants' intentionally and without provocation or justification did assault, battery and molest Plaintiff causing Plaintiff severe and debilitating injury.

22. The Defendants intentionally and without provocation or justification did use excessive force on Plaintiff.

WHEREFORE Plaintiff, Andrew James Koster, demands judgment in his favor and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT III- MALICIOUS PROSECUTION

23. Plaintiff incorporates each of the allegations contained herein.

24. That by reason of the wrongful acts of Defendants, Plaintiff was maliciously prosecuted.

WHEREFORE Plaintiff, Andrew James Koster demands judgment in his favor and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Plaintiff restates, re-alleges and incorporates by reference each and every allegation stated above, as though each had been fully stated below:

26. Defendants' conduct as described herein was extreme and outrageous, causing Plaintiff to suffer mental injuries including but not limited to emotional distress, anxiety, stress, embarrassment and humiliation.

27. Defendants conduct as described herein on was intentional, reckless caused severe emotional distress upon the Plaintiff.

28. Defendants knew or should have known that their outrageous and unconscionable conduct would in fact cause severe and extreme emotional distress.

29. As a direct and proximate result of Defendants' infliction of emotional distress caused, Plaintiff has suffered injury and damage including the following:

    a. Pain, suffering, depression and emotional distress;

    b. Post-traumatic stress disorder;

    c. Injuries to his reputation leading to pecuniary loss;

    d. Humiliation, mortification and embarrassment;

    e. Loss of income;

   f. Other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

30. Defendants are liable to the Plaintiff for his injuries pursuant to all aforementioned duties owed to the Plaintiff as listed within this Complaint.

WHEREFORE Plaintiff, Andrew James Koster demands judgment in his favor and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

## COUNT V
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff restates, re-alleges and incorporates by reference each and every allegation stated above, as though each had been fully stated below, and further alleges:

32. All of the named Defendants knew or should have known that Defendants extreme and outrageous acts and negligence directed toward Plaintiff would cause him severe emotional distress.

33. The actions of Defendants as described herein were negligent and all of the Defendants knew or should have known that said actions would cause extreme physical illness, mental anguish and emotional distress to Plaintiff.

34. Defendants negligently inflicted physical injuries, and emotional and psychological distress upon Plaintiff.

35. As a result of the Defendants negligent infliction of emotional distress, Plaintiff has suffered damages including but not limited to the following:

   a. Mental anguish and trauma

7

b. Humiliation;

c. Embarrassment;

d. Physical illness;

e. Nightmares;

f. Plaintiff may require medical and psychiatric care and treatment both present and future;

g. Plaintiff may incur medical and psychiatric expenses both present and future;

h. Plaintiff is unable to perform daily activities and functions;

i. Depression, pain and suffering, past and future;

j. Loss of earning capacity, past and future; and

k. Emotional distress.

WHEREFORE Plaintiff, Andrew James Koster demands judgment in his favor and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

### COUNT VI
### 42 U.S.C. § 1983

36. Plaintiff realleges and incorporates by reference each of the allegations contained in the previous paragraphs as though fully set forth herein

37. That 42 U.S.C. § 1983 ascribes civil liability for the deprivation of any rights, privileges and immunities vouchsafed by the U.S. Constitution and all laws of the United States and the State of Michigan.

8

38. At times relevant to the events herein complained of, the Defendants were acting under color of law and scope of the authority vested in them as sheriff's deputies.

39. At all times material herein, Defendant Officers deprived Plaintiff of his rights, privileges and immunities vouchsafed by the Constitution of the United States, and specifically by its Fourth and Fourteenth Amendments.

WHEREFORE, Plaintiff demands judgment against Defendants in whatever amount the Plaintiff is entitled to, including exemplary and punitive damages, interest, costs and attorney fees.

### COUNT VII -- FEDERAL LAW CLAIMS-ALL DEFENDANTS

40. Plaintiff reasserts his allegations contained in paragraphs 1-25 above as though fully stated herein.

41. Plaintiff sets forth claims for damages for injuries that he sustained as a result of the above misconduct as provided for under 42 USC Section 1983 against all Defendants and for their violations of his constitutional rights as guaranteed by the 4th and 14th Amendments to the United States Constitution.

42. Under Federal Law, Plaintiff has the right to be free of unreasonable search and seizure as well as the use of excessive and unnecessary, or deadly force against him.

43. Defendants, negligently, carelessly, maliciously and with deliberate indifference sicked a police canine on Plaintiff despite Plaintiff posing no threat of harm or danger to the Defendants.

44. Defendants improper, heinous and deadly actions were caused, acquiesced to, and or contributed to by Defendant KALAMAZOO COUNTY'S improper training, policy procedures and culture of officers using excessive force by their officers.

45. As a direct and proximate result of the wrongful acts of Defendants as aforesaid, that Plaintiff:

    a. Sustained severe injuries;

b. In addition, thereto said Plaintiff suffered shock and emotional damage;

c. Possible aggravation of pre-existing conditions or re-aggravation of dormant conditions;

d. Was unable to attend to his usual affairs, render services as formerly;

e. Hampered said Plaintiff in the enjoyment of the normal pursuit of life as before; and

f. Said injuries are permanent to the degree that Plaintiff suffered a loss and the ability to earn money as before and will have impaired earning capacity in the future, continued pain and suffering as well as permanency, all as a result of Defendants acts as of here and in before alleged.

WHEREFORE, Plaintiff demands judgment in favor of him and against Defendants in whatever amount the Plaintiff is found to be entitled together with exemplary and punitive damages, plus interest, costs and attorney fees.

Respectfully submitted,

ANTHONY, PAULOVICH & WORRALL, PLLC

*/s/ Levi T. Smith*

PATRICIA WORRALL (P62984)
LEVI T. SMITH (P80484)
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com

Dated: April 11, 2023

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

ANDREW JAMES KOSTER,

            Plaintiff,           Case No. 23-    CZ

vs.                                           Hon.

KALAMAZOO COUNTY, KALAMAZOO COUNTY SHERIFF DEPUTY DAVID SCHOLTEN (4962), KALAMAZOO COUNTY SHERIFF DEPUTY JEFF NICHOLS (1200), KALAMAZOO COUNTY SHERIFF DEPUTY TANNER BOYSEN (6100), KALAMAZOO COUNTY SHERIFF DEPUTY COLLIN JUSZCZYK (6371), KALAMAZOO COUNTY SHERIFF DEPUTY AMBER HOLMES (0996), OFFICER LINDSEY DENHARDER (12565), and OFFICER CHRISTIAN SMITH (14542),

            Defendants.
_____/

PATRICIA L. WORRALL (P62984)
LEVI T. SMITH (P80484)
ANTHONY PAULOVICH & WORRALL PLLC
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com
_____/

## DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, ANDREW JAMES KOSTER, by and through his attorneys, ANTHONY PAULOVICH & WORRALL PLLC, and hereby makes a formal demand for a trial by jury of the facts and issues involved in this cause of action.

11

Respectfully submitted,

ANTHONY, PAULOVICH & WORRALL, PLLC

Dated: April 11, 2023

*/s/ Levi T. Smith*
PATRICIA WORRALL (P62984)
LEVI T. SMITH (P80484)
Attorneys for Plaintiff
835 Mason Street, Suite C220
Dearborn, MI 48124
(313) 406-9722; (888) 343-1676 (fax)
trish@trishlaw.com
levi@anthonylitigation.com